**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| *AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.*, | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | ) ) Case No. |
| *D.M., a minor, by and through CANDICE MACK, her natural mother and next friend*, | ) ) ) ) |
| **Serve at:** 395 Travis Blvd. Troy, MO 63379 | ) ) ) |
| *and* | ) ) |
| *SPENCER LEE FLESCHMAN,* | ) ) ) |
| Serve at: Jefferson City Correctional Center 8200 No More Victims Jefferson City, MO 65101 | ) ) ) ) |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW American Family Mutual Insurance Company, S.I. (hereinafter "American Family"), by its attorneys, Sandberg Phoenix & von Gontard, P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      American Family is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business in Madison, Wisconsin. American Family is a Wisconsin citizen for purposes of diversity jurisdiction.

1

2.    Defendant D.M., a minor by and through Candice Mack her natural mother and next friend ("D.M.") is an individual who resides in Missouri.

3.    Defendant Spencer Fleschman ("Fleschman" or "Insured") is an individual who resides in Missouri.

4.    The Defendants are all Missouri citizens for diversity jurisdiction purposes.

5.    There is a current case and controversy between the parties to this action.

6.    This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2001 and 2201, to obtain a declaration of American Family's rights and obligations under a certain policy of insurance issued by American Family.

7.    This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between residents and citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.    Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1), and Local Rule 2.07, because a substantial part of the events giving rise to this claim occurred within the Eastern District, including the subject insurance policy was issued within the Eastern District.

## FACTS COMMON TO ALL COUNTS

### The Underlying Lawsuit and Relevant Allegations

9.    Beginning in July 2022 and continuing until September 27, 2024, D.M. resided and was allegedly regularly present at Fleschman's insured residence and property, where D.M. and her mother Candice Mack allegedly were tenants, and where Fleschman allegedly sexually abused D.M. repeatedly in multiple locations allegedly under Fleschman's control (the "Abuse").

10.     D.M. alleges that the Abuse directly and proximately caused D.M. to suffer physical injuries consistent with abuse, emotional distress, anguish, and pain and suffering, which D.M. will continue to suffer in the future.

11.     On October 10, 2024, D.M. filed a petition in the Circuit Court of Lincoln County, Missouri, identified as Case No. 24L6-CC00154, alleging that Fleschman is liable to her for damages related to the injuries allegedly incurred as a result of the Abuse (the "Underlying Lawsuit"). D.M. filed her Third Amended Petition on April 7, 2026, which is now the operative pleading (the "Third Amended Petition"). A true and accurate copy of the Third Amended Petition is attached hereto as **Exhibit A** and is incorporated by reference as if fully set forth herein.

12.     The Third Amended Petition provides detailed allegations regarding the Abuse.

13.     American Family disclaimed and denied coverage under the policy of insurance issued by it to Fleschman, including any duty to defend Fleschman in the Underlying Lawsuit and now seeks a declaratory judgment from this Court that there is no duty to defend and/or indemnify Fleschman, as set forth below.

### The American Family Policy

14.     American Family issued a Homeowners Policy to "Spencer Fleschman", Policy No. 41093-52770-81, which provides certain bodily injury and property damage liability coverage, subject to all of its terms and conditions. All iterations of the policy referenced below are collectively referred to herein as "the Policy".

15.     The Policy's effective dates for the 2023-2024 policy year were July 18, 2023 to July 19, 2024; however, the Policy was cancelled effective March 6, 2024 for insufficient payment. A true and accurate copy of the 2023-2024 Policy is attached as **Exhibit B** and incorporated by

reference as if fully set forth herein. A true and accurate copy of the March 2024 cancellation is attached as **Exhibit C** and incorporated by reference as if fully set forth herein.

16.     The Policy was renewed for the 2024-2025 policy period, and the effective dates for that policy period were March 6, 2024 to March 6, 2025. A true and accurate copy of the 2024-2025 Policy is attached as **Exhibit D** and incorporated by reference as if fully set forth herein.

17.     The Policy was ultimately cancelled effective July 23, 2024 for insufficient payment and was not renewed until October 10, 2024. As such, the Policy was not in effect from July 23, 2024 through October 9, 2024. A true and accurate copy of the July 2024 cancellation is attached as **Exhibit E** and incorporated by reference as if fully set forth herein.

18.     There was no American Family policy issued to Fleschman in effect before July 18, 2023.

19.     Fleschman is the named insured under the Policy and is the sole defendant in the Underlying Lawsuit.

20.     The Policy has a personal liability limit of $300,000. **Ex. B**, at page 4; **Ex. D**, at page 6.

21.     The Policy (for both the 2023-2024 and 2024-2025 policy periods) provides in pertinent part:

HOMEOWNERS FORM

\*\*\*

POLICY

This policy is a legal contract between **you** and **us**. **Your** policy consists of the **DECLARATIONS**, the HOMEOWNERS FORM, all **ENDORSEMENTS**, and **your** INSURANCE APPLICATION. The policy details the rights and duties of **you** and **us**. READ **YOUR** POLICY CAREFULLY.

AGREEMENT

4

**We** agree with **you**, in return for **your** premium payment, to insure **you** subject to all the terms of this policy.

DEFINITIONS

The following definitions apply throughout this policy's form and **endorsements**. Defined terms are in bold type and have the same meaning whether in the singular, plural, or any other form.

   A.  **You** and **your** mean a named **insured** shown in the **Declarations** or, if living in the same **household**: ***

***

   C.  In addition, **we** define these words and phrases:

      2.  **Bodily injury** means physical injury, sickness, disease, or death of any person. It includes resulting loss of services, loss of consortium, and required care.

***

      9.  **Household**. This means the persons who are residents of **your** housing unit. **Your** housing unit is where **you** reside on the **residence premises** and has its own:
         a.    entry;
         b.    kitchen;
         c.    bathroom; and
         d.    living spaces.
     10. **Insured:**
        a.  This means:
            (1)    **you**; or
            (2)    a **household** member who is:
               (a)    a **relative**; or
               (b)    under the age of 21 and in **your** care or the care of a **household** member who is a **relative**. ***
        ***
      Each person described above is a separate **insured** under this policy. ***

     11. **Insured location** means:
        a.  the **residence premises;** ***

      ***
     15. **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period in:
        a.  **bodily injury**; or
        b.  **property damage**.

\*\*\*

19. **Residence premises.**
a. This means the: \*\*\*

that is shown as the **residence premises** in the **Declarations**.
\*\*\*

SECTION II – LIABILITY COVERAGE

COVERAGE E – Personal Liability.

**We** will pay, up to **our limit** shown in the **Declarations**, compensatory damages for which an **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.
If a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice. \*\*\*

\*\*\*

SECTION II – EXCLUSIONS

A. The Following Exclusions Apply to Coverage E – Personal Liability and Coverage F – Medical Expense:
**We** do not cover any **occurrence** arising out of, resulting from, or in connection with any of the following:

\*\*\*

2. Aggression.
This includes any aggressive activity, harassment, or bullying committed by the **insured** by any means.

\*\*\*

9. Expected or Intended.
a. This includes any type of **bodily injury** or **property damage** that an **insured**:
(1) intends; or
(2) may expect to result from any intentional act or omission.
b. This Exclusion applies even if the **bodily injury** or **property damage** is:
(1) of a different kind, quality, or degree than intended.
(2) to a different person or property than intended;
(3) the result of a willful and malicious act, no matter at whom the act was directed;
(4) unexpected or unforeseen by the person injured or the owner of the property damages; or

6

(5) sustained regardless of whether an **insured**: \*\*\*

c. This Exclusion applies regardless of the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy.

\*\*\*

13. **Insured's** Premises Not An **Insured Location**. This includes any premises:
   a. owned by any **insured**;
   b. rented or leased to any **insured**; or
   c. rented or leased to others by any **insured**;
   that is not an **insured location**.

This includes any **insured's** action or failure to act that occurs on, in connection with, or arising out of the management or use of a premises described in 13.a. through 13.c. above. \*\*\*

\*\*\*

23. Violation of Law.
This includes violation of any criminal law for which any **insured**:
   a.   is convicted or adjudicated; or
   b.   due to mental incapacity, disease, or defect is either not convicted or convicted of a lesser charge.
This Exclusion applies even if an **insured** lacks the mental capacity to govern his or her conduct.

\*\*\*

B.   The Following Exclusions Apply To Coverage E – Personal Liability:
   **We** do not cover any **occurrence** arising out of, resulting from, or in connection with any of the following: \*\*\*

3. Intra-**Insured** Claims Or Suits.
   a. This includes any **bodily injury** to **you** or a resident of the **household** who is:
      (1) a **relative**; or
      (2) other person under the age of 21 who is in **your** care or the care of a **relative** who is a resident of the **household. \*\*\***
\*\*\*
6. Punitive, Statutorily Imposed, Or Court Ordered Damages.
This includes any Personal Liability for:
   a. punitive, exemplary, statutorily imposed, multiple, or aggravated damages;
   b. fines, penalties, or court ordered restitution; or
   c. awarded or statutorily mandated attorney fees related to 6.a. or 6.b. above.
\*\*\*

7

MISSOURI AMENDATORY ENDORSEMENT

The terms of the policy apply except as changed by this **endorsement**.

\*\*\*

SECTION II – EXCLUSIONS

The following is added at the beginning of SECTION II – EXCLUSIONS:
The following Exclusions apply regardless of any other covered or non-covered cause of loss or event contributing in any sequence to or concurrently with the loss.
These Exclusions apply whether the loss occurs as the result of one or any combination of any of these Exclusions or other causes of loss or events.

The Sexual Molestation Or Misconduct, Corporal Punishment, Physical Or Mental Abuse Exclusion is deleted and replaced by the following:
Sexual Molestation Or Sexual Misconduct, Corporal Punishment, Physical Or Mental Abuse.
1. This includes any actual or alleged:
    a. sexual molestation or sexual misconduct:
        (1) including but not limited to personal interaction or photographic, video, or any capturing or display of:
            (a) sexual activity; or
            (b) full or partial nudity in a place where one would have a reasonable expectation of privacy;
        (2) regardless of whether or not consent is given;
    b. corporal punishment;
    c. physical or mental abuse resulting from acts or omissions of any **insured**; or
    d. supervision of any victim or perpetrator of sexual molestation, sexual misconduct, corporal punishment, or physical or mental abuse.
2. This Exclusion applies regardless of:
    a. intent to cause injury; or
    b. the theory of relief pursued, asserted, or claimed by anyone seeking compensation under this policy. \*\*\*

        \*\*\*

22.     The Missouri Amendatory Endorsement in the 2024-2025 Policy contains slight

differences from the above provisions as follows:

SECTION II – EXCLUSIONS

The following is added at the beginning of SECTION II – EXCLUSIONS:
The following Exclusions apply regardless of any other covered or non-covered cause of loss or event contributing in any sequence to concurrently with the loss.
These Exclusions apply whether the loss occurs as the result of one or any combination of any of these Exclusions or other causes of loss or events.

8

Aggression is deleted and replaced by the following:

Aggression.

This includes any aggressive activity, harassment, or bullying by any **insured**, by any means.

\*\*\*

## COUNT I – DECLARATORY JUDGMENT

23.     American Family incorporates by reference, as if fully set forth herein, the allegations set forth in paragraphs 1 through 22 above.

24.     The Policy does not provide coverage for any claims arising from or related to the Abuse, including those alleged in the Third Amended Petition, and American Family owes neither a duty to defend nor indemnify Fleschman for any claims or allegations made, or damages sought, by D.M. arising from or related to the Abuse, including those alleged in the Third Amended Petition .

25.     No coverage exists under the Policy for any claims arising from or related to the Abuse because: (1) the Policy was not in effect during the relevant time period(s) when the Abuse and consequent "bodily injury" is alleged to have occurred; (2) a covered "occurrence" is not alleged because the alleged conduct is intentional rather than accidental; (b) the Sexual Molestation Exclusion applies; (c) the Expected Or Intended Exclusion applies; (d) the Aggression Exclusion applies; (e) the Insured's Premises Not An Insured Location Exclusion applies; (f) the Violation of Law Exclusion applies; (g) the Intra-Insured Exclusion applies; and (h) the Punitive Damages Exclusion applies to exclude any duty to indemnify for such damages if awarded at trial.

### *(Policy Period Application)*

26.     The Third Amended Petition alleges that D.M.'s abuse and corresponding injuries occurred continuously from an unspecified date in July 2022 up to September 27, 2024. **Ex. A**, ¶ 5.

9

27.    As already stated above, there was no policy of insurance issued by American Family to Fleschman before July 18, 2023.

28.    Additionally, after the Policy was cancelled effective July 23, 2024, there was no coverage during the period from July 23, 2024 through October 9, 2024. *See* **Ex. D**; **Ex. E**.

29.    There also is not any coverage for any abuse occurring before the Policy's effective dates (*i.e.,* the period of alleged Abuse from July 2022 to July 18, 2023).

30.    Therefore, there is no coverage under the Policy for any alleged Abuse occurring from July 2022 to July 18, 2023 or from July 23, 2024 through October 9, 2024, such that American Family owes neither a duty to defend nor indemnify Fleschman for any claims or damages arising from or related to the Abuse, including those alleged in the Third Amended Petition, which allegedly occurred either before American Family issued any policy that might provide coverage and/or during those other periods of non-coverage described above.

### (*No Covered Occurrence Alleged*)

31.    The Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period in … bodily injury." **Ex. B**, at page 10; **Ex. D**, at page 12.

32.    As already detailed above, there is no coverage under the Policy for any "occurrence" that does not take place during the "policy period".

33.    Additionally, under applicable Missouri law, an "occurrence" must constitute an "accident," with foreseeability as the touchstone for coverage to apply. Where an "occurrence" is foreseeable, there will be no coverage.

34.     The Third Amended Petition expressly and repeatedly alleges Fleschman intentionally sexually abused, molested and/or otherwise physically abused D.M.. *See generally* **Ex. A**.

35.     All allegations in the Third Amended Petition arise from or relate to the Abuse. *See generally* **Ex. A**.

36.     Sexual molestation and/or sexual misconduct is an intentional act that does not constitute an "occurrence" or "accident" within the meaning of the Policy or under applicable law.

37.     There is similarly no coverage for any purported "negligence", "negligent supervision", or "premises liability" causes of action contained in the Third Amended Petition, because those causes of action are directed solely against Fleschman and are directly premised on his otherwise excluded intentional conduct.

38.     Accordingly, because there is no covered "occurrence" alleged in the Third Amended Petition, there is no coverage under the Policy, and American Family has neither a duty to defend nor indemnify Fleschman from the claims and allegations made in the Third Amended Petition or otherwise related to the Abuse.

### *(Sexual Molestation Exclusion)*

39.     The Policy, as amended by the Missouri Amendatory Endorsement, contains a Sexual Molestation Or Sexual Misconduct, Corporal Punishment, Physical Or Mental Abuse Exclusion (the "Sexual Molestation Exclusion"), which excludes coverage for any "occurrence" arising out of, resulting from, or in connection with actual or alleged sexual molestation or sexual misconduct, including "personal interaction" of "sexual activity," regardless of whether consent is given. **Ex. B**, at page 35; **Ex. D**, at page 40.

11

40.     The Sexual Molestation Exclusion applies "regardless of any other covered or non-covered cause of loss or event contributing in any sequence to or concurrently with the loss," and applies "regardless of" "the theory of relief pursued, asserted, or claimed by anyone seeking compensation" under the Policy. **Ex. B**, at page 35; **Ex. D**, at pages 39-40.

41.     The Third Amended Petition expressly and repeatedly alleges that Fleschman sexually abused, raped, and otherwise committed sexual misconduct against D.M.. *See generally* **Ex. A.**

42.     Specifically, the Third Amended Petition alleges that Fleschman "subjected [D.M.] to sexual contact and rape," which falls squarely within the Sexual Molestation Exclusion. **Ex. A**, ¶¶ 10, 14.

43.     The Third Amended Petition contains purported "negligence" and "premises liability" allegations and causes of action arising from or related to the Abuse, coverage for which is also excluded by the Sexual Molestation Exclusion, which applies to exclude coverage for sexual abuse and misconduct "regardless of . . . the theory of relief pursued, asserted, or claimed[.]"

44.     Also, since Count I of the Third Amended Petition is based on Fleschman's alleged failure to either "supervise" D.M. or himself, subsection (d) clarifies and expressly extends application of the Sexual Molestation Exclusion to the "supervision of any victim or perpetrator" of sexual molestation, which encompasses the purported "negligent supervision" cause of action, or other similar  allegations, contained in the Third Amended Petition. *See* **Ex. A**, Count 1, *generally*.

45.     Accordingly, even if an "occurrence" was alleged, there is no coverage under the Policy because the Sexual Molestation Exclusion applies to preclude any coverage that may otherwise exist, such that American Family has neither a duty to defend nor indemnify Fleschman

12

from the claims and allegations made in the Third Amended Petition  or otherwise related to the Abuse.

*(Expected Or Intended Exclusion)*

46.     The Policy also excludes coverage for any "bodily injury" that an insured "intends" or "may expect to result from any intentional act or omission" ("Expected Or Intended Exclusion"). **Ex. B**, at page 26; **Ex. D**, at page 28.

47.     The Expected Or Intended Exclusion applies even if the injury is "of a different kind, quality, or degree than intended" and applies "regardless of the theory of relief pursued, asserted, or claimed." **Ex. B**, at page 26; **Ex. D**, at page 28.

48.     Under applicable law, sexual molestation is an intentional act falling squarely within "expected or intended" exclusions like the one contained in the Policy.

49.     The Third Amended Petition alleges intentional sexual assault/misconduct, which triggers application of the Expected Or Intended Exclusion. *See generally* **Ex. A**.

50.     The purported "negligence" cause of action and other similar allegations contained in the Third Amended Petition  are excluded from coverage by the Expected Or Intended Exclusion because they purport to allege that Fleschman was "negligent" while sexually abusing and molesting D.M., such that any allegations of "negligence" are directly premised on Fleschman's excluded intentional conduct and are merely another "theory of relief" to hold Fleschman liable for his alleged intentional sexual abuse and molestation of D.M.. *See generally* **Ex. A**.

51.     Therefore, the Expected Or Intended Exclusion applies to preclude any coverage that may otherwise exist under the Policy, such that American Family has neither a duty to defend nor indemnify Fleschman from the claims and allegations made in the Third Amended Petition or otherwise related to the Abuse.

*(Aggression Exclusion)*

52.    The 2023-2024 Policy also excludes coverage for any "occurrence" arising out of "aggression", which is defined to include "any aggressive activity, harassment, or bullying" committed by "the insured" "by any means" ("Aggression Exclusion").[1]  **Ex. B**, at page 26.

53.    Similarly, the 2024-2025 Policy excludes coverage for any "occurrence" arising out of "aggression", which is defined to include "any aggressive activity, harassment, or bullying" committed by "*any* insured" "by any means". (emphasis added) **Ex. D**, at page 40.

54.    The alleged sexual assault against D.M. constitutes an "aggressive activity" under the plain meaning of the Aggression Exclusion, which is broad in application. *See generally* **Ex. A**.

55.    Accordingly, the Aggression Exclusion applies to preclude any coverage that may otherwise exist under the Policy, such that American Family has neither a duty to defend nor indemnify Fleschman from the claims and allegations made in the Third Amended Petition or otherwise related to the Abuse.

*(Insured's Premises Not An Insured Location Exclusion)*

56.    The Policy also excludes coverage for an "occurrence" arising out of an "Insured's Premises Not An Insured Location", which includes any premises "owned by any insured" or "rented or leased to any insured" that is not an "insured location," which the Policy defines to include the address provided in the Policy's Declarations ("Insured's Premises Not An Insured Location Exclusion"). **Ex. B**, at page 27; **Ex. D**, at page 29.

57.    Specifically, the Policy defines "insured location", in relevant part, as the "residence premises", and the Policy defines "residences premises" to mean, in relevant part the

---

[1] The 2023-2024 and 2024-2025 iterations of the Policy vary slightly as to the language of the Aggression Exclusion, but do not lead to any different result when applied to the Third Amended Petition's allegations.

14

"family dwelling . . . that is shown as the residences premises in the Declarations." **Ex. B**, at page 10; **Ex. D**, at page12.

58.     The Policy's Declarations provide that 445 Phelps Ln Elsberry, MO 63343-4140 is the "residence premises". **Ex. B**, at page 4; **Ex. D**, at page 6.

59.     The Third Amended Petition specifically alleges that, in addition to the residence premises where D.M. resided as Fleschman's tenant, the Abuse occurred across multiple locations including a horse trailer, which Fleschman allegedly owned. **Ex. A**, ¶ 6(i-l).

60.     To the extent the Abuse occurred in locations encompassed by the Insured Premises Not An Insured Location Exclusion, there is no coverage under the Policy. Accordingly, American Family has neither a duty to defend nor indemnify Fleschman from the claims and allegations made in the Third Amended Petition or otherwise related to the Abuse.

### *(Violation of Law Exclusion)*

61.     The Policy also contains a Violation of Law exclusion ("Violation of Law Exclusion"), which excludes coverage for any "occurrence" arising out of any violation of criminal law for which the insured "is convicted or adjudicated." **Ex. B**, at page 28; **Ex. D**, at page 30.

62.     The Third Amended Petition alleges that, "[a]s a result of ongoing sexual abuse, the Lincoln County Prosecuting Attorney's office filed criminal charges against Defendant Spencer Fleschman in Case #24L6-CR01007," in which Fleschman "was charged with the Unclassified Felony of Statutory Rape in the First Degree for his abuse of [D.M.]" and "was charged with two (2) unclassified felonies, as well as a B, C, and E felony in Douglas County, Missouri for additional criminal acts against [D.M.]." **Ex. A, ¶¶** 15-16.

63.     Fleschman has pleaded guilty in both the Lincoln County and Douglas County criminal proceedings. True and accurate copies of Fleschman's guilty pleas are attached hereto as **Exhibits F** and **G** and are incorporated by reference as if fully set forth herein.

64.     Therefore, because the Third Amended Petition alleges Fleschman violated a criminal law from which D.M.'s allegations arise from or are related to, and Fleschman has pleaded guilty to those criminal violations, the Violation of Law Exclusion excludes coverage.

65.     Because Fleschman was convicted or adjudicated in criminal proceedings of the violations of law alleged, the Violation of Law Exclusion applies and excludes coverage, such that American Family has neither a duty to defend nor indemnify Fleschman from the claims and allegations made in the Third Amended Petition or otherwise related to the Abuse.

### *(Intra-Insured Exclusion)*

66.     The Policy excludes coverage for bodily injury to any person under the age of 21 who is in the insured's care and is a resident of the household, per the Policy's Intra-Insured exclusion ("Intra-Insured Exclusion"). **Ex. B**, at page 29; **Ex. D**, at page 31.

67.     The Third Amended Petition alleges that D.M. and her mother Candice Mack were tenants on Fleschman's property and that D.M. was in Fleschman's care at the time of the Abuse. **Ex. A, ¶¶** 6(b), 6(e), 13, 14, 25-30.

68.     Additionally, the Third Amended Petition specifically alleges that D.M. was between the ages of 11 and 13 and therefore under the age of 21 at the time of the Abuse. **Ex. A,** ¶¶ 7, 13.

69.     To the extent The Third Amended Petition alleges that the D.M. resided in Fleschman's "household", the Intra-Insured Exclusion applies, and there is not any coverage under

16

the Policy, such that American Family has neither a duty to defend nor indemnify Fleschman from the claims and allegations made in the Third Amended Petition or otherwise related to the Abuse.

*(Punitive/Exemplary Damages Exclusion)*

70.     Regardless of whether the Court determines that American Family otherwise has a duty to defend and/or indemnify Fleschman, the Policy excludes coverage for punitive or other exemplary damages and attorney fees related to such damages ("Punitive Damages Exclusion"). American Family therefore does not have any duty to indemnify Fleschman for any award of punitive or other exemplary damages, or attorney fees related to such damages.

71.     In relevant part, the Punitive Damages Exclusion states that coverage is excluded for "punitive, exemplary, statutorily imposed, multiple, or aggravated damages" or "awarded or statutorily mandated attorney fees related to [the aforementioned punitive and exemplary damages]." **Ex. B**, at page 29; **Ex. D**, at page 31.

72.     In the Third Amended Petition , D.M. specifically seeks "punitive damages" based on Fleschman's allegedly "reckless and grossly negligent conduct." **Ex. A**, ¶ 19.

73.     To the extent punitive or other exemplary damages are awarded, the Punitive Damages Exclusion applies, and American Family does not have any duty to indemnify Fleschman for such damages awarded against him in the Underlying Lawsuit.

74.     American Family has neither any duty to defend nor indemnify Fleschman in the Underlying Lawsuit, and this Court should therefore grant the relief requested by American Family and enter its judgment declaring that no coverage exists under the Policy.

**WHEREFORE**, Plaintiff American Family Mutual Insurance Company, S.I. prays this Court to enter its judgment in American Family's favor and against all Defendants, declaring that no coverage exists under the Policy for any of the claims, allegations, or damages sought against

Fleschman in the Underlying Lawsuit, American Family neither owes a duty to defend nor indemnify Fleschman for any damages or other relief sought from him with regard to or in connection with the Underlying Lawsuit or otherwise in connection with any claims or allegations made or damages sought arising from or related to the Abuse, D.M. shall not be entitled to recover any amounts from the Policy or otherwise from American Family, for its costs, and for any further orders and relief this Court deems just and proper under the circumstances.

Respectfully submitted,

By: */s/ Philip C. Graham*
Philip C. Graham, #40345
Adrianna J. Northrop, #76840
701 Market Street, Suite 600
St. Louis, MO  63101-1826
314-446-4382
314-241-7604 (Fax)
pgraham@sandbergphoenix.com
anorthrop@sandbergphoenix.com
*Attorneys for American Family Mutual Insurance Company, S.I.*